# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32567**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Erik N. BRUCE**
Senior Airman (E-4), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 22 April 2020

————————————

*Military Judge:* Jennifer E. Powell.

*Approved sentence:* Bad-conduct discharge, confinement for 11 months, reduction to E-1, and a reprimand. Sentence adjudged 19 September 2018 by SpCM convened at Vandenberg Air Force Base, California.

*For Appellant:* Major Rodrigo M. Caruço, USAF; Major Rebecca J. Otey, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Lieutenant Colonel Brian C. Mason, USAF; Mary Ellen Payne, Esquire.

Before MINK, LEWIS, and D. JOHNSON, *Appellate Military Judges.*

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

PER CURIAM:

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(c), Uniform Code of Military Justice, 10 U.S.C. §§ 859(a), 866(c).

*Manual for Courts-Martial, United States* (2016 ed.). Accordingly, the approved findings and sentence are **AFFIRMED**.[1,2]

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

---

[1] Although Appellant raises no specific assignment of error, we identified that the convening authority took action 127 days after the announcement of sentence, exceeding the 120-day threshold for a presumptively unreasonable post-trial delay. *See United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). However, as noted above, Appellant does not assert that he suffered any prejudice from the delay and we perceive none. Having considered the relevant factors identified in *Moreno*, 63 M.J. at 135, and finding no adverse impact on the public's perception of the fairness or integrity of the military justice system, we find no violation of Appellant's due process rights. *See United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006). Pursuant to our authority under Article 66, UCMJ, we have also considered whether relief for post-trial delay in the absence of a due process violation is appropriate and find it is not. *See United States v. Tardif*, 57 M.J. 219, 225 (C.A.A.F. 2002); *United States v. Gay*, 74 M.J. 736, 744 (A.F. Ct. Crim. App. 2015), *aff'd*, 75 M.J. 264 (C.A.A.F. 2016).

[2] We note Charge III, Specification 4 in the court-martial order incorrectly includes the words "on divers occasions" which were withdrawn and dismissed prior to arraignment. We direct the publication of a corrected court-martial order to remedy the error.